UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACY STUBENRAUCH,<br><br>    Plaintiff,<br><br>v.<br><br>ALLEGHENY COUNTY JAIL.,<br><br>    Defendant. | Case No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff, Stacey Stubenrauch, by and through her attorney, Kayla Drum, Esquire, and files this Complaint alleging as follows:

### I. Nature of the Action

Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, similar provisions under the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 955 *et seq.* and the FMLA 29 U.S.C § 2601 *et seq.* Plaintiff was terminated due to her disability and in retaliation for FMLA.

### II. Jurisdiction and Venue

1.     This action arises under the ADA, 42 U.S.C. § 12101 *et seq.* the FMLA 29 U.S.C § 2601 *et seq.* This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

2.     This Court has supplemental jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), which issued her a right to sue letter on or about October 18, 2017.

### III. Parties

5. Plaintiff, Stacy Stubenrauch ("Plaintiff"), is an adult individual residing at 115 Marc Dr. Pittsburgh, PA 15236.

6. Defendant, Allegheny County Jail ("Defendant"), is a government organization located at 950 2nd Avenue, Pittsburgh, PA 15219.

### IV. Facts

7. Plaintiff began working for Defendant at the Allegheny County Jail on or about July 30, 2006 as a Corrections Officer.

8. Plaintiff is disabled in that she suffers from severe depressive disorder, anxiety, panic attacks and migraine headaches.

9. Defendant was fully aware of Plaintiff's disabilities.

10. Additionally, Plaintiff have taken approved FMLA multiple times throughout her employment with Defendant for her medical conditions.

11. In October 2015, Plaintiff was placed on a "last chance agreement" for an alleged rule violation which stated that Plaintiff would be terminated if she violated any policy.

12. Plaintiff was placed on the agreement after an incident occurred where Plaintiff was on her lunch break with her eyes closed because of a migraine. Plaintiff was not asleep.

13. Plaintiff's captain wrote her up, stated that she was sleeping, and she was suspended for five days.

14. Other similar situated employees who are not disabled or regarded as being disabled were not subjected to such discipline after engaging in the same conduct.

15. Further, similarly situated employees generally would have been granted at least one more chance before being suspended for five days, but Plaintiff was not afforded that opportunity because she is disabled.

16. Plaintiff had been written up multiple times for alleged disciplinary infractions that other, similarly situated employees were not written up for.

17. On December 9, 2015 Plaintiff reported to Captain Sandra Stinson ("Captain Stinson") that she felt she was being targeted by Captain Stinson due to the unfair and fabricated discipline.

18. Captain Stinson told Plaintiff that, essentially, she did not like Plaintiff and that she would be "watching her."

19. Similar situated employees who were not disabled or regarded as being disabled would generally receive a last chance agreement that would only result in termination if they violated that specific policy that was the reason for being placed on the last chance agreement.

20. On or about August 17, 2016, Plaintiff entered the jail to start her shift, went to put her medication in her locker, and walk through the metal detector.

21. Plaintiff stood at the end of the metal detector while an officer and a sergeant searched her bag.

22. The contents of Plaintiff's makeup bag accidentally spilled onto the floor.

23. As the officer and Plaintiff were gathering the contents from the floor, the officer had pulled Plaintiff's pill bottle out of her purse.

24. The officer opened the bottle, with a single pill inside, examined the pill and bottle, and then placed the bottle back into Plaintiff's purse.

25. Before punching in for the day, Plaintiff walked to the female employee locker room on floor 1M and kneeled down to undo the lock on her locker.

26. Captain Yates (first name unknown, "Captain Yates") and Captain Stephanie Frank ("Captain Frank) approached Plaintiff and asked her to bring her purse into the office.

27. While in the office, Captain Frank asked Plaintiff if she had pills in her purse.

28. Plaintiff said that she did, and opened her middle pocket of her purse and produced her daily medications, prednisone and gabapentin, in their pharmacy prescription bottles.

29. Plaintiff forgot that the bottle with the single pill, which the officer had looked at and returned to her purse, was in her purse so she did not retrieve that bottle at that time.

30. Plaintiff discovered later that the single pill, the lid, and the bottle were loose in her purse because the initial officer who searched her purse did not put the lid back on the bottle properly.

31. Plaintiff attempted to present her medications to Captain Frank for inspection, who refused.

32. Captain Frank told Plaintiff to take the medications to her car.

33. Plaintiff then took the medications to her car.

34. When returning to the building, Sergeant Lee (first name unknown, "Sergeant Lee"), stopped Plaintiff and asked her if she had taken her medicine to her car.

35. Plaintiff stated that she had, and proceeded to return through the metal detectors and x-ray belt.

36. Plaintiff went to her post, and approximately forty-five minutes later, received a radio call to report to the shift commander's office.

37. When Plaintiff arrived at the commander's office, Captain Frank, Captain Yates, and Joe White ("Mr. White"), union representative, were present.

38. Mr. White informed Plaintiff that the captains wanted to search her purse, and stated that an officer had claimed they had seen loose pills in Plaintiff's purse.

39. Plaintiff denied having loose pills in her purse, and offered to allow them to search.

40. At this time, Plaintiff had forgotten about the officer examining the single pill at the start of her shift and had forgotten that it was in her bag.

41. Captain Frank searched Plaintiff's purse and pulled out the lid, bottle, and single pill which were separate from one another, as the lid had not been put on properly.

42. Plaintiff informed them that the lid, bottle, and pill go together.

43. Captain Frank kept the pill, but placed the bottle and lid back into Plaintiff's purse.

44. Plaintiff then noticed that there was a lighter in her purse, and Plaintiff stated that they "must have missed the lighter downstairs" and handed the lighter to Captain Frank.

45. After Captain Frank took the single pull, she went into Major Jason Beasom's ("Major Beasom") office.

46. Captain Yates, Mr. White and Plaintiff stood outside of the locker room for approximately fifteen minutes waiting for Captain Frank to return.

47. Captain Frank returned from Major Beasom's office and stated that "he was not worried about the pill, but he was not happy about the lighter." Plaintiff was then told to return to work.

48. Plaintiff received notice on or about August 24, 2016 that there would be a hearing, Plaintiff contacted her union who told her that she was being terminated.

49. On or about August 27, 2016 Plaintiff was terminated by Defendant.

50. The reason for Plaintiff's termination was her purportedly introducing contraband into the jail.

51. Other similarly situated employees who are not disabled, who are not perceived as being disabled, and who did not exercise their lawful right to FMLA-protected leave had engaged in similar conduct and were not terminated

### V. Allegations

### Count I
### Disability Discrimination
### in Violation of the ADA, 42 U.S.C. § 12101 *et seq.*

52. The preceding paragraphs are incorporated herein as if set forth at length.

53. Plaintiff is an Employee in relation to the ADA.

54. Defendants are Employers in relation to the ADA.

55. Plaintiff was fully qualified to perform all aspects of her job.

56. Plaintiff has a "disability" as defined under the ADA because she suffers severe depressive disorder, anxiety, panic attacks and migraine headaches.

57. Defendant was aware of Plaintiff's disability.

58. Similarly situated employees who are not disabled or regarded as being disabled were not punished as harshly as Plaintiff for a minor infraction.

59. Plaintiff was suspended for five days and placed on a last chance agreement for purportedly "sleeping" at work, while, she was on a break with her eyes closed to attempt to dull the pain from a migraine headache.

60. Plaintiff was terminated for purportedly bringing contraband into the prison.

61. Similarly situated employees who are not disabled or regarded as being disabled were not terminated for the same infraction while Plaintiff was terminated.

62. Plaintiff was terminated because she was disabled; Defendants used the alleged contraband as an excuse to terminate Plaintiff due to her disabilities.

63. Plaintiff was damaged by Defendant's actions.

## Count II
### Disability Discrimination
### in Violation of the PHRA 43 P.S. § 955 *et seq*.

64. The preceding paragraphs are incorporated herein as if set forth at length.

65. Plaintiff is an Employee in relation to the ADA.

66. Defendants are Employers in relation to the ADA.

67. Plaintiff was fully qualified to perform all aspects of her job.

68. Plaintiff has a "disability" as defined under the ADA because she suffers severe depressive disorder, anxiety, panic attacks and migraine headaches.

69. Defendant was aware of Plaintiff's disability.

70. Similarly situated employees who are not disabled or regarded as being disabled were not punished as harshly as Plaintiff for a minor infraction.

71. Plaintiff was suspended for five days and placed on a last chance agreement for purportedly "sleeping" at work, while, she was on a break with her eyes closed to attempt to dull the pain from a migraine headache.

72. Plaintiff was terminated for purportedly bringing contraband into the prison.

73. Similarly situated employees who are not disabled or regarded as being disabled were not terminated for the same infraction while Plaintiff was terminated.

74. Plaintiff was terminated because she was disabled; Defendants used the alleged contraband as an excuse to terminate Plaintiff due to her disabilities.

75. Plaintiff was damaged by Defendant's actions.

### Count III
### FMLA Retaliation
### in Violation of FMLA 29 U.S.C § 2601 *et seq*

76. Plaintiff was approved for FMLA due to her disabilities.

77. Defendants employed more than fifty individuals.

78. Plaintiff worked the required number of hours with Defendants in order to be eligible for FMLA.

79. Plaintiff was disabled, and Defendants were aware of Plaintiff's disabilities.

80. Plaintiff was terminated shortly after engaging in protected activity by using lawful FMLA because of her disabilities.

81. Plaintiff was damaged by Defendant's actions.

### Request for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants for the following:

a. Loss of back wages to date;

b. Front pay, where appropriate;

c. Other benefits of employment lost as a result of Defendant's unlawful conduct;

d. Compensatory, additional liquidated or punitive damages;

e. Plaintiffs' legal fees;

f. Court costs; and

g. Other such relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

**Kayla Drum, Esq.**
PA ID # 317764
kd@lawkm.com
(412) 626-5594

**KRAEMER, MANES & ASSOCIATES LLC**
US Steel Tower
600 Grant St, Suite 4875
Pittsburgh, PA 15219
(412) 637-0233 Fax

Counsel for Plaintiff